**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| | : |
| v. | : **CRIMINAL NUMBER 25-386** |
| | : |
| | : |
| **MATTHEW LAISS** | : |

# O R D E R

**AND NOW**, this     day of          , 2025, having considered Defendant's Motion to Dismiss the Indictment Pursuant to Grant of Presidential Pardon, the government's response thereto, and having heard oral argument on this matter, it is hereby **ORDERED** that the Motion is **GRANTED**. The indictment in the above-captioned matter is hereby **DISMISSED WITH PREJUDICE**.

                                        **BY THE COURT:**

                                        _____
                                        **THE HONORABLE JOSEPH F. LEESON**
                                        **United States District Court Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NUMBER 25-386 |
| | : | |
| MATTHEW LAISS | : | |

**DEFENDANT'S MOTION TO DISMISS THE INDICTMENT
PURSUANT TO GRANT OF PRESIDENTIAL PARDON**

Defendant Matthew Laiss, by and through his attorneys, Katrina Young and Elizabeth Toplin, Assistant Federal Defenders, Federal Community Defender Office for the Eastern District of Pennsylvania, moves for an order dismissing the above-captioned indictment against him with prejudice on the grounds that the President's Proclamation Granting Pardons for Certain Offenses Related to the 2020 Presidential Election pursuant to U.S. Const. Art. II, § 2, which was signed November 7, 2025, extends to Mr. Laiss, thereby rendering his prosecution moot and precluding imposition of any future criminal punishment or civil penalty if he were convicted.[1]

**WHEREFORE**, for all the reasons set forth in the accompanying Memorandum of Law, incorporated here by reference, Mr. Laiss respectfully requests that the Court permit oral argument at the pretrial conference scheduled for December 2, 2025 at 9:00 AM and ultimately

---

[1] The Court set a deadline of October 20, 2025 for the filing of pretrial motions; however, because the President's Proclamation was not issued until November 7, 2025 and undersigned counsel did not become aware of the Proclamation until several days after its signing, it was not possible to file the instant Motion by the pretrial motions deadline.

enter an order dismissing the indictment against him with prejudice.

                Respectfully submitted,

                */s/ Katrina Young and Elizabeth Toplin*
                KATRINA YOUNG and ELIZABETH TOPLIN
                Assistant Federal Defenders

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **CRIMINAL NUMBER 25-386** |
| | : | |
| | : | |
| **MATTHEW LAISS** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS THE INDICTMENT
<u>PURSUANT TO GRANT OF PRESIDENTIAL PARDON</u>**

Matthew Laiss was indicted by the federal government on September 2, 2025 for one count of voting more than once in a federal election, in violation of 52 U.S.C. § 10307(e), and one count of voter fraud, in violation of 52 U.S.C. § 20511(2)(B).  These charges stem from Mr. Laiss casting one vote for the Office of the President of the United States on October 31, 2020 via mail-in ballot in Pennsylvania and another vote for that same Office on November 3, 2020 in person in Florida.  In both instances, Mr. Laiss voted for President Donald J. Trump.

On November 7, 2025, President Trump signed and issued a "full, complete, and unconditional pardon to all United States citizens for conduct relating to the advice, creation, organization, execution, submission, support, voting, activities, participation in, or advocacy for or of any slate or proposed slate of Presidential electors, whether or not recognized by any State or State official, in connection with the 2020 Presidential Election[.]"  Granting Pardons for Certain Offenses Related to the 2020 Presidential Election By the President of the United States of America:  A Proclamation, 1, Nov. 7, 2025 [hereinafter "Pardon Proclamation"].[2]  This

---

[2] A copy of the Pardon Proclamation is attached hereto as Exhibit A.

pardon clearly extends to Mr. Laiss and his alleged criminal conduct in this case, and he hereby accepts it. As such, pursuant to Fed. R. Crim. P. 12(b)(1), Mr. Laiss moves for an order dismissing the indictment with prejudice.

## I.     FACTS AND PROCEDURAL HISTORY

From at least October 2012 until August 2020, Mr. Laiss resided in, and was lawfully registered to vote in, Ottsville, Pennsylvania. In May 2020, he applied to the Bucks County Board of Elections for a mail-in ballot to be sent to his residence in Ottsville, Pennsylvania. He received that ballot and voted by mail in the June 2020 Presidential primary election. He then moved to Frostproof, Florida in approximately August 2020 following a difficult breakup with a girlfriend, and he applied for a Florida driver's license on August 11, 2020. While applying for that driver's license, he simultaneously completed his Florida voter registration application. On both applications he included his new Frostproof, Florida address as his address of residence.

On October 12, 2020, the Bucks County Board of Elections mailed a ballot for the November 2020 general election to Mr. Laiss's former address in Ottsville, Pennsylvania where his parents continued to reside. While visiting his parents, Mr. Laiss filled out and mailed in that ballot on or about October 31, 2020. Upon returning to Florida, he voted in person at his assigned polling place on November 3, 2020. In both instances, he cast his vote for President Trump.

On September 17, 2024, Mr. Laiss agreed to meet Federal Bureau of Investigation (FBI) Agents Carmen Dvorak and Sean Ahearn at Redner's Market in Allentown, Pennsylvania for a consensual interview to discuss his 2020 voting activity. During that approximately 40-minute recorded interview, Mr. Laiss confirmed he voted by mail in Pennsylvania and in person in Florida. On June 12, 2025, Mr. Laiss received a "target letter" from government's counsel

advising him that he was the target of a grand jury investigation concerning his multiple voting and his right to seek legal representation. He was indicted on September 2, 2025, and he entered a plea of not guilty on September 5, 2025.

## II.     DISCUSSION

### A.     Mechanism of Review and Remedy Sought

"A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1); *see also United States v. Flores*, 404 F.3d 320, 324 (5th Cir. 2005) (consideration of pretrial motion to dismiss indictment generally proper where "purely legal question" is presented); *United States v. Jones*, 542 F.2d 661, 664 (6th Cir. 1976) ("[g]enerally, motions are capable of determination before trial if they raise questions of law rather than fact"). The facts relevant to the instant Motion—that Mr. Laiss is a United States citizen who cast two votes for President Trump in the 2020 general election—are not in dispute. Therefore, the instant Motion is properly before the Court pretrial.

### B.     The November 7, 2025 Pardon Extends to Mr. Laiss's Alleged Criminal Conduct

Mr. Laiss is among the individuals granted a "full, complete, and unconditional pardon" by President Trump on November 7, 2025. Pardon Proclamation 1. He hereby accepts the pardon. In no uncertain terms, the order extends to individuals not explicitly named for "conduct relating to support, voting,…or advocacy for or of any slate or proposed slate of Presidential electors, whether or not recognized by any State or State official, in connection with the 2020 Presidential Election[.]" *Id.*[3] When Mr. Laiss cast two votes in the general election for

---

[3] This type of "mass pardon," though relatively uncommon, is not the first of its kind. For example, on January 21, 1977, through his signing of Proclamation 4483, President Carter granted a "full, complete and unconditional pardon to [] all persons who may have committed any offense between August 4, 1964 and March 28, 1973 in violation of the Military Selective Service Act or any rule or regulation promulgated thereunder…" aimed at "draft dodgers." *See United States v. Noonan*, 906 F.2d 952, 953 (3d Cir. 1990). The only limitation on the President's power to

3

President Trump for the Office of President of the United States in Pennsylvania and Florida, he "support[ed], vot[ed for]…[and] advoca[ted] for [a] slate or proposed slate of Presidential electors[4]…in connection with the 2020 Presidential Election[.]" *Id.*  By its plain language, the pardon extends to Mr. Laiss, and his Motion to Dismiss should therefore be granted.

Beyond the plain language of the Pardon Proclamation, however, is the unequivocal absurdity of the notion that individuals like John Eastman, Rudolph Giuliani, Mark Meadows, and Sidney Powell—attorneys for and advisors to President Trump who allegedly conspired to cause then-Vice President Pence to unilaterally block the certification of then-candidate Biden's election victory—are explicitly pardoned for their exponentially more egregious alleged conduct, while a then-26-year-old man who cast two votes for President Trump in the general election is not.  To read the Pardon Proclamation to intend such an outcome would be outrageous, particularly in light of its sweeping language.  Should the government take the position that the Pardon Proclamation does not extend to Mr. Laiss, it is imperative that the Court require the government to obtain explicit confirmation from the Office of the Pardon Attorney.

**C.     The Indictment Must be Dismissed**

Having been granted and accepted President Trump's full and unconditional pardon prior to trial, Mr. Laiss submits that dismissal of the indictment is proper.  The Court's decision in

---

"grant reprieves and pardons" for federal offenses is in "cases of impeachment."  U.S. Const. art. II, § 2; *Ex parte Garland*, 71 U.S. 333, 380 (1867).  The power "extends to every [other] offense known to the law and may be exercised at any time after its commission, either before legal proceedings are taken, or during their pendency, or after conviction or judgment."  *Garland*, 71 U.S. at 380.

[4] By casting one's ballot in a general election, a voter is actually selecting their state's electors.  Nat'l Ass'n of Secretaries of State (NASS), Summary:  State Laws Regarding Presidential Electors (Oct. 2024), at chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://www.nass.org/sites/default/files/reports/summary-electoral-college-laws-oct2024.pdf (Retrieved Nov. 17, 2025).  This is the second step in a two-part process for choosing a state's electors, the first of which is that the major political parties in each state choose slates of potential electors.  *Id.*  "When states canvass the presidential election results after the election, the electors representing the party whose candidates for President and Vice President received the highest number of votes are certified as the state's electors, and those electors meet in December to cast their electoral votes for President and Vice President."  *Id.*

*United States v. Schaffer*, 240 F.3d 35 (D.D.C. 2001) is instructive. In that case, President Clinton granted a full and unconditional pardon to the defendant for his conviction for violations of the Meat Inspection Act after which, due to a series of appellate decisions in the case, the defendant was granted a new trial. *Schaffer*, 240 F.3d, 37-38. The independent counsel "concede[d] that…the Presidential pardon end[ed] all litigation" while "odd[ly] suggesti[ng] that Schaffer's conviction [resulting from the first trial was] established as a matter of law." *Id.* at 38. The Court disagreed, reasoning that because "[f]inality was never reached on the legal question of Schaffer's guilt [due to the grant of a new trial]," President Clinton's pardon rendered the case "moot." *Id.*; *see also United States v. Arpaio*, 2017 U.S. Dist. LEXIS 182254 *5-7 (D. Ariz., Oct. 19, 2017) (summarizing procedural history and reasoning for dismissal in *Schaffer*). The Court "vacated all opinions, judgments, and verdicts" and remanded the case to the District Court "with directions to dismiss the case as moot." *Id.* The question of Mr. Laiss's guilt remained unanswered when he was granted a full and unconditional pardon by President Trump. Therefore, as the Court directed in *Schaffer*, Mr. Laiss's case should be dismissed.

Moreover, to proceed to trial despite the pardon would be contrary to the interests of justice and a colossal waste of judicial resources and the jury's time, because even if convicted Mr. Laiss can never face criminal punishment or civil penalty. *See Arpaio*, 2017 U.S. Dist. LEXIS 182254 *5 (pardon "exempts the individual, on whom it is bestowed, from the punishment the law inflicts for a crime he has committed") (internal citation omitted); *Absolute Pardon*, Black's Law Dictionary (10th ed. 2014) (full and absolute pardon "releases the wrongdoer from punishment and restores the offender's civil rights without qualification.") Therefore, pretrial dismissal is most appropriate.

### III.   CONCLUSION

Having received a pardon for the conduct charged in the instant case, for all the reasons stated herein, Mr. Laiss respectfully seeks an order dismissing the indictment with prejudice and requests oral argument on the Motion at the December 2, 2025 pretrial conference.

Respectfully submitted,

*/s/ Katrina Young*
KATRINA YOUNG
Assistant Federal Defender

*/s/ Elizabeth Toplin*
ELIZABETH TOPLIN
Assistant Federal Defender

## **CERTIFICATE OF SERVICE**

We, Katrina Young and Elizabeth Toplin, Assistant Federal Defenders, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that we have filed and served a copy of the attached Motion to Dismiss the Indictment via Electronic Court Filing notification upon Mark Dubnoff, Assistant United States Attorney, whose office is located at Suite 1250, 615 Chestnut Street, Philadelphia, Pennsylvania, 19106.

*/s/ Katrina Young*
KATRINA YOUNG
Assistant Federal Defender

DATE:	November 18, 2025