IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 25-386 |
| MATTHEW ALAN LAISS | : | |

### GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE THE DEFENDANT FROM PLAYING MOST OF HIS RECORDED INTERVIEW TO THE JURY

The United States of America, by its attorneys, David Metcalf, United States Attorney for the Eastern District of Pennsylvania, and Mark Dubnoff, Assistant United States Attorney for the district, hereby moves *in limine* to preclude defendant Matthew Laiss from playing most of his recorded interview by the FBI to the jury. As explained below, the government plans to play 11 excerpts of that recording at Laiss's trial. Laiss has not objected to those excerpts, which collectively last less than 12 minutes, but he contends that if the government plays any of them to the jury, he should be able to play nearly the entire 44-minute recording to the jury, pursuant to the so-called "rule of completeness" contained in Fed. R. Evid. 106. He is mistaken.

Although Rule 106 was amended in 2023 to clarify that when one party introduces all or part of an out-of-court statement to the jury, and fairness requires admission of additional portions of a statement, the adverse party may do so "over a hearsay objection," Fed. R. Evid. 106, the amendment "does not authorize admission of all self-serving narrative; *the touchstone remains whether the additional portions are necessary to prevent distortion.*" *United States v. Robinson*, Crim No. 25-22, 2025 WL 3188395, *3 (E.D. Pa. Nov. 14, 2025) (slip op.) (emphasis added).

In other words, "Rule 106 still does not function as a hearsay exception." *Id.* The rule "operates on a different principle – that a party who creates a misimpression through selective presentation forfeits any hearsay objection to the *completing material*." *Id.* (emphasis added). In this case, that means that Laiss may counter-designate portions of his FBI interview that are necessary to prevent the government from creating a misleading impression to the jury. But he cannot seek to admit all, or nearly all, of his FBI interview recording at trial, merely because the government presents a portion of that interview to the jury.

### A.     Background

On September 5, 2025, the government unsealed a two-count indictment against Laiss, which charged him with one count of voter fraud, in violation of 52 U.S.C. § 20511(2) (Count One), and one count of voting more than once in a federal election, in violation of 52 U.S.C. § 10307(e) (Count Two). Count One alleged that on October 31, 2020, Laiss submitted a mail-in ballot for the 2020 Pennsylvania election when Laiss knew that he was no longer a Pennsylvania resident and was, therefore, ineligible to vote in Pennsylvania. Count Two alleged that Laiss knowingly and willfully cast more than one vote for President and Vice President in the 2020 general election: once by mail-in ballot to Pennsylvania and once in person in Florida.

On September 17, 2024, FBI Special Agents Sean Ahearn and Carmen Dvorak de Morales interviewed Laiss in an Allentown, Pennsylvania, parking lot about his conduct during the 2020 general election. During the interview, which was recorded and later transcribed, Laiss made the following representations (citations to the transcript pages appear in parentheses):[1]

- Laiss is originally from Pennsylvania, but he moved to Florida in 2020 (4);

---

[1] A copy of a slightly redacted transcript is attached as Exhibit 1.

- On August 11, 2020, Laiss simultaneously registered to vote in Florida and obtained a Florida driver's license (10);

- Laiss voted in person in Florida on November 3, 2020 (10, 25);

- When Laiss voted in Florida, he cast a vote for a candidate for President (13);

- Laiss also cast a vote by mail-in ballot in Pennsylvania for the same candidate for President (20-23);

- Laiss signed and mailed in his Pennsylvania ballot on October 31, 2020, which was three days before he voted in person in Florida (22-24); and

- Laiss knew that it was wrong to vote for the same person twice (24).

During the interview, Laiss also gave two very different accounts of when he had voted by mail in the Pennsylvania general election. First, Laiss said that he had filled out and returned his mail-in ballot when he still lived in Pennsylvania, "well before" he moved to Florida in August 2020 (17-18). But when the agents showed him a copy of his Pennsylvania mail-in ballot envelope, which Laiss had signed and dated on October 31, 2020, Laiss admitted that he had completed and mailed in that Pennsylvania ballot several months after he had moved to Florida, and only a few days before he voted in person in Florida (22-23). Laiss also admitted that he was worried his vote in Pennsylvania was not going to count because he was "no longer a resident" of Pennsylvania (23).

On November 17, 2025, the government sent an email to defense counsel, which stated that the government intended to play the portions of the recording that correspond to the following page and line citations in the transcript:

A. Page 2, Lines 3-20;
B. Page 3, Lines 31-41;
C. Page 5, Line 4 (starting with "Where") to Line 6 (ending with "Florida");[2]

---

[2] The email accidentally stated that the excerpt ended on line 5 instead of line 6.

3

    D.  Page 6, Line 7 – Page 7, Line 13;
    E.  Page 8, Lines 18-21;
    F.  Page 10, Lines 18-26;
    G.  Page 10, Lines 37-43;
    H.  Page 17, Line 24 – Page 18, Line 29;
    I.  Page 19, Line 22 – Page 20, Line 8;
    J.  Page 20, Line 39 – Page 23, Line 14 (but delete "[party affiliation]" on Page 22, Line 31); and
    K.  Page 24, Lines 6-12.

Government counsel asked if the defendant had any objections to those designations or if the defendant wanted to propose any counter-designations under Rule 106. Defense counsel responded by stating that the defense wanted to play the entire audio recording, and the jury could just follow along with the transcript.[3] Government counsel replied, "I am sure that you know that the defendant cannot offer any excerpts of the recording into evidence because it's hearsay. Do you have any objections to the portions that I've designated, or do you have any counter-designations" under Rule 106? The defense did not assert any objections to the government's designations and instead stated that pursuant to Rule 106, the defense would seek to admit everything said in the recording "from p. 3, line 31 to p. 30, line 40."

Counsel exchanged additional emails regarding this topic on December 1, 2025, and revisited the issue on December 8, 2025, after oral argument on the defendant's motion to dismiss. During these discussions, defense counsel took the position that a 2023 amendment to Rule 106 "makes clear" that if the government seeks to introduce any portion of Laiss's interview by FBI agents, Laiss can present the entire interview to the jury. Accordingly, defense counsel has declined to propose narrower counter-designations of the transcript.[4]

---

[3] A copy of the entire email discussion is attached as Exhibit 2.

[4] The government remains willing to consider reasonable counter-designations and work with defense counsel on narrowing any disagreements before seeking further court involvement.

**B.    Argument**

Rule 801 provides that a statement is not hearsay if it "is offered against a party and is … the party's own statement, in either an individual or a representative capacity." Thus, the government can present the jury with Laiss's out-of-court statements, including Laiss's admissions to the FBI agents that: (a) he did not live in Pennsylvania at the time he signed the declaration on the envelope containing his Pennsylvania mail-in ballot attesting that he did live in Pennsylvania; and (b) he voted twice for the offices of President and Vice President of the United States, once by mail in Pennsylvania and once in person in Florida.

Laiss, however, cannot present the jury with any of the statements that he made to the FBI agents because Rule 801(d)(2) does not allow a party to "introduce his or her own statements through the testimony of other witnesses." *United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005). Indeed, if such statements were admissible, "parties could effectuate an end run around the adversarial process by, in effect, testifying without swearing an oath, facing cross examination, or being subjected to first-hand scrutiny by the jury." *Id.* It does not matter whether the information the party seeks to admit is inculpatory or exculpatory. In either case, a party simply cannot admit his or her own statements as admissions of a party opponent. *United States v. Kapp*, 781 F.2d 1008 (3d Cir. 1986) (upholding district court's ruling that tape recording of a conversation between a codefendant and a government informant that defendant considered exculpatory on the issue of his knowledge of illegality was inadmissible because it was not offered "against a party" as required by Rule 801(d)(2)).

Nor does Fed. R. Evid. 106, the so-called "rule of completeness," provide the defense with a basis for seeking admission of either the entire recording of his interview by the FBI or the portion that corresponds to pages 3 through 30 of the transcription. Rule 106 states that, "[i]f

a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part--or any other writing or recorded statement--that in fairness ought to be considered at the same time." As the Third Circuit has explained, "additional portions of a recording may be played 'if it is necessary to (1) explain the admitted portion, (2) place the admitted portion in context, (3) avoid misleading the trier of fact, or (4) insure a fair and impartial understanding.'" *United States v. Hoffecker*, 530 F.3d 137, 192 (3d Cir. 2008) (quoting *United States v. Soures*, 736 F.2d 87, 91 (3d Cir.1984) (citing United *States v. Marin*, 669 F.2d 73, 84 (2d Cir.1982)). "The Rule does not require introduction of portions of a statement that are neither explanatory of nor relevant to the passages that have been admitted." *Hoffecker*, 530 F.3d at 192; *Soures*, 736 F.3d at 91.

To date, the defendant has yet to make any counter-designations that satisfy the requirements for admissibility under Rule 106. Instead, he has claimed through counsel that *Hoffecker* is no longer "compelling because it interpreted a former version of the rule;" i.e., a version of Rule 106 that existed prior to its amendment in 2023. *See* Exhibit 2 (email of December 1, 2025, at 12:28 p.m.). Alternatively, Laiss contends that everything that was said during the interview which appears from page 3, line 31 of the transcript through page 30, line 40 of the transcript, is "explanatory and relevant" to the portions of the interview that the government is seeking to admit. *Id.*

Laiss misunderstands the import of the 2023 amendments to Rule 106. Prior to that amendment, Rule 106 stated: "If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part--or any other writing or recorded statement--that in fairness ought to be considered at the same time."

6

The current version of Rule 106, which took effect on December 1, 2023, states: "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part--or any other statement--that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." Fed. R. Evid. 106 (2023).

The advisory committee's notes for the 2023 amendments state that the new version of the rule differs from the prior version in two respects:

> First, the amendment provides that *if the existing fairness standard requires completion*, then that completing statement is admissible over a hearsay objection. Courts have been in conflict over whether completing evidence properly required for completion under Rule 106 can be admitted over a hearsay objection. The Committee has determined that the rule of completeness, grounded in fairness, cannot fulfill its function if the party that creates a misimpression about the meaning of a proffered statement can then object on hearsay grounds and exclude a statement that would correct the misimpression (citation omitted). For example, assume the defendant in a murder case admits that he owned the murder weapon, but also simultaneously states that he sold it months before the murder. In this circumstance, admitting only the statement of ownership creates a misimpression because it suggests that the defendant implied that he owned the weapon at the time of the crime--when that is not what he said. In this example the prosecution, which has created the situation that makes completion necessary, should not be permitted to invoke the hearsay rule and thereby allow the misleading statement to remain unrebutted. *A party that presents a distortion can fairly be said to have forfeited its right to object on hearsay grounds to a statement that would be necessary to correct the misimpression*. (citations omitted)
> …
> Second, Rule 106 has been amended to cover all statements, including oral statements that have not been recorded.

Fed. R. Evid. 106, 2023 amend., advisory committee's note (emphasis added).

The advisory committee stressed that neither of these changes "give a green light of admissibility to all excised portions of statements." *Id.* Thus, contrary to what Laiss's counsel has contended, the 2023 amendment to Rule 106 "does not change the basic rule, which applies only to the narrow circumstances in which a party has created a misimpression about the statement, and the adverse party proffers a statement that in fact corrects the misimpression." *Id.* "The mere fact that a statement is probative and contradicts a statement offered by the opponent

7

is not enough to justify completion under Rule 106." *Id.* "So, for example, the mere fact that a defendant denies guilt before later admitting it does not, without more, mandate the admission of his previous denial." *Id.* (citation omitted).

Several cases interpreting Rule 106 *after its 2023 amendment* have made clear that the amendment does not abrogate *Hoffecker* or otherwise support Laiss's extremist interpretation of the amended rule. *See, e.g.*, *United States v. Thurber*, 106 F.4th 814, 831, (8th Cir. 2024); *Robinson*, 2025 WL 3188395, at *3-4; *United States v. Deas*, No. 23-353, 2025 WL 2976889, *__ (D.N.J. Oct. 22, 2025). For example, in *Thurber*, an opinion issued in July 2024, the Eighth Circuit quoted the current version of Rule 106, complete with its 2023 amendment, and then articulated the exact same test for admitting additional portions of a statement under Rule 106 that the Third Circuit had articulated in *Hoffecker*. 106 F.4th at 831. *Cf. also United States v. Macrina*, 109 F.4th 1341, 1348 (11th Cir. 2024) (stating that "Rule 106 does not make an entire writing or recorded statement always admissible" and holding that the party invoking the "rule of completeness" bears the burden of pointing to the specific additional portions of a statement that the party seeks to admit "so that the district court can assess their admissibility on fairness grounds"); *id.* at 1349 ("if we allowed general objections to suffice under Rule 106, the district court would have to review the entire writing or recording and determine if certain portions were needed for fairness.").

Similarly, Judge Perez ruled last month that in a case where a defendant had given a post-arrest recorded interview to FBI agents, and the government wanted to present portions of that interview to the jury, the defendant could compel the government to present contextual portions to the jury, but the defendant was not entitled to have the jury hear the entire recorded interview. *Robinson*, 2025 WL 3188395, at *5.

Judge Perez explained, "[t]he Court does not hold that every exculpatory comment in the interview must be admitted." *Id.* "The government is not required to present [the defendant's] entire narrative any more than it is required to play a recording from start to finish." *Id.* "But where it chooses to present specific statements about the charged events, it must include any immediately surrounding passages that are necessary to prevent those statements from being taken out of context or materially misconstrued." *Id. See also Deas*, 2025 WL 2976889, at *3-5 & n.7 (permitting the government to present the jury with eleven minutes of a 50-minute recorded conversation between the defendant and a confidential source and rejecting the notion that the defendant is entitled to play the entire recording under a rule-of-completeness theory because the defendant has not met *Hoffecker*'s test of admissibility under Rule 106).

In sum, the cases interpreting Rule 106 both before and after its 2023 amendment make clear that Laiss is not entitled to present the jury with all, or nearly all, of his recorded FBI interview simply because the government plays part of that interview to the jury. Instead, Laiss must designate specific portions of the recording that he believes are necessary to place the government's designations in context to avoid misleading the jury. *Hoffecker*, 530 F.3d at 192; *Soures*, 736 F.2d at 91. In other words, Laiss cannot just designate 28 pages of the 37-page transcript for presentation to the jury and claim, as his counsel did in their December 1, 2025 email (Exhibit 2) that everything in those 28 pages is "explanatory and relevant" to the 11 excerpts that the government has designated for admission.[5] Instead, Laiss bears the burden of specifying how each of his proposed counter-designations would put one or more of the government's excerpts into context and avoid misleading the jury. *Macrina*, 109 F.4th at 1349

---

[5] Laiss's extreme position would result in the inclusion of some of his personal identification information (Tr. 5:16, 5:20-26), his parents' residential address (Tr. 6:39), and the name of the candidate for President for whom Laiss claims he voted. (Tr. 13:38-40).

9

("the specificity requirement correctly places the burden of production on the party seeking to introduce the evidence.").

All 11 of the transcript excerpts that the government has designated for presentation to the jury are brief and have discrete purposes, so Laiss's counter-designations must be similarly discrete and anchored to the government's designations. As Judge Perez put it, Laiss must demonstrate that each additional portion of his FBI interview that he wishes to play for the jury is "necessary to prevent distortion." If Laiss continues to insist that all, or nearly all, of the interview should be played for the jury, or if he fails to explain with specificity why his counter-designations are necessary to prevent the government's designations from misleading the jury, then he should not be permitted to present any additional portions of the interview to the jury. Under no circumstances should Laiss be permitted to play nearly the entire recorded interview to the jury.

        Respectfully yours,

        DAVID METCALF
        United States Attorney


        */s/ Mark B. Dubnoff*
        MARK B. DUBNOFF
        Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this pleading has been served by me this date, by email or electronic filing upon the following persons:

Katrina Young, Esq.
Elizabeth Toplin, Esq.
601 Walnut Street, Suite 5454 West
Philadelphia, PA 19106

                            */s/ Mark B. Dubnoff*
                            MARK B. DUBNOFF
                            Assistant United States Attorney

Date: December 19, 2025