. UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 5:25-cr-00386 |
| | : | |
| MATTHEW LAISS | : | |

# O R D E R

**AND NOW,** this 6th day of January, 2026, upon consideration of the Government's Motion in Limine to Preclude the Defendant from Playing Most of his Recorded Interview to the Jury, *see* ECF No. 33, and the Defendant's Response in Opposition, *see* ECF No. 42, **IT IS ORDERED THAT**:

1. The Motion in Limine, *see* ECF No. 33, is **GRANTED**.[1]

2. The Defendant shall inform the Government **on or before January 9, 2026**, of any specific portions of the September 17, 2024, FBI interview that he seeks to introduce and believes satisfy Federal Rule of Evidence 106.[2]

---

[1]     The Defendant's assertion that "*any* portions of the transcript which could explain Mr. Laiss's reasons for why he did what he did and his state of mind at that time . . . is admissible," *see* Opp. 4 (emphasis added), is unpersuasive. *See United States v. Robinson*, No. 25-22, 2025 WL 3188395, at *3 (E.D. Pa. Nov. 14, 2025) (explaining that the amendment to Rule 106 "does not authorize admission of all self-serving narrative; the touchstone remains whether the additional portions are necessary to prevent distortion"). Although limited portions of the transcript may be admissible, the Defendant may not circumvent the hearsay rules through an overly broad attempt to admit evidence under the rule of completeness doctrine. *See United States v. Hoffecker*, 530 F.3d 137, 192 (3d Cir. 2008) ("Rule [106] does not require introduction of portions of a statement that are neither explanatory of nor relevant to the passages that have been admitted.").

[2]     Despite an email request by Government counsel on November 17, 2025, *see* ECF No. 33-2, the Defendant did not identify any specific portions of the interview that he seeks to admit under Rule 106 until filing its opposition brief to the Motion in Limine on January 5, 2026. Thus, counsel has not had an opportunity to confer regarding these counter-designations before

3. The Government shall respond to the Defendant's proposed designations **on or before January 12, 2026.**

4. If the parties are unable to reach an agreement, this Court will address any objections to the Defendant's proposed designations at the Final Pretrial Conference on January 13, 2026.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

involving the Court.  The Defendant may, in light of this Court's Order, amend his proposed designations.