**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **CRIMINAL NUMBER 25-386** |
| | : | |
| | : | |
| **MATTHEW LAISS** | : | |

# O R D E R

    **AND NOW**, this    day of    , 2026, having considered Defendant's Motion for

Judgment of Acquittal Pursuant to Federal Rule of Evidence 29, the government's response

thereto, and having heard oral argument on this matter, it is hereby **ORDERED** that the Motion

is **GRANTED**.  Mr. Laiss is accordingly adjudicated **NOT GUILTY** on Counts One and Two of

the indictment in the above-captioned matter.

        **BY THE COURT:**

        _____

        **THE HONORABLE JOSEPH F. LEESON**
        **United States District Court Judge**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **CRIMINAL NUMBER 25-386** |
| | : | |
| | : | |
| **MATTHEW LAISS** | : | |


**DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL**
**PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 29**

      Defendant Matthew Laiss, by and through his attorneys, Katrina Young and Elizabeth L. Toplin, Assistant Federal Defenders, Federal Community Defender Office for the Eastern District of Pennsylvania, moves for an order adjudicating him not guilty of Counts One and Two of the indictment against him.  For the reasons set forth in the accompanying Memorandum of Law, incorporated here by reference, the government has failed to introduce sufficient evidence of the *mens rea* elements of the charged crimes.  Mr. Laiss must accordingly be found not guilty under Federal Rule of Criminal Procedure 29(a).

      **WHEREFORE**, for all the reasons set forth in the accompanying Memorandum of Law, Mr. Laiss respectfully requests that the Court grant his Motion and adjudicate him not guilty of the charges against him under the Federal Rules of Criminal Procedure.


                  Respectfully submitted,

                  */s/ Katrina Young and Elizabeth Toplin*
                  KATRINA YOUNG and ELIZABETH TOPLIN
                  Assistant Federal Defenders

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **CRIMINAL NUMBER 25-386** |
| | : | |
| | : | |
| **MATTHEW LAISS** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL**
**<u>PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 29</u>**

Mr. Laiss respectfully submits this Motion for Judgment of Acquittal Pursuant to Federal Rule of Criminal Procedure 29.  The government has failed to introduce sufficient evidence of the *mens rea* elements in Counts One and Two of the indictment.  This Court should therefore direct a verdict of acquittal on both Counts.

## I.    FACTS AND PROCEDURAL HISTORY

From at least October 2012 until August 2020, Mr. Laiss resided in, and was lawfully registered to vote in, Ottsville, Pennsylvania.  Prior to the 2020 primary election, he applied to the Bucks County Board of Elections for mail-in ballots to be sent to his residence in Ottsville, Pennsylvania for all elections held that year.  He received that ballot and voted by mail in the June 2020 Presidential primary election.  He then moved to Frostproof, Florida in approximately August 2020 following a difficult breakup with a girlfriend, and he applied for a Florida driver's license on August 11, 2020.  While applying for that driver's license, he simultaneously completed his Florida voter registration application.  On both applications he included his new Frostproof, Florida address as his address of residence.

On October 12, 2020, the Bucks County Board of Elections mailed a ballot for the November 2020 general election to Mr. Laiss's former address in Ottsville, Pennsylvania where his parents continued to reside. While visiting his parents, Mr. Laiss filled out and mailed in that ballot on or about October 31, 2020. Upon returning to Florida, he voted in person at his assigned polling place on November 3, 2020.

On September 17, 2024, Mr. Laiss agreed to meet Federal Bureau of Investigation (FBI) Agents Carmen Dvorak and Sean Ahearn at Redner's Market in Allentown, Pennsylvania for a consensual interview to discuss his 2020 voting activity. During that approximately 40-minute recorded interview, Mr. Laiss confirmed he voted by mail in Pennsylvania and in person in Florida in the 2020 general election. During the interview, Mr. Laiss indicated that he did not know which of his votes was going to count. He told the agents that he never intended to defraud or to do anything intentionally wrong.

## II.    THE GOVERNMENT FAILED TO PROVE MR. LAISS HAD THE REQUISITE *MENS REA* TO CONVICT HIM OF THE CHARGED CRIMES

Rule 29 of the Federal Rules of Criminal Procedure provides, in pertinent part: "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." FED. R. CRIM. P. 29(a). Accordingly, this Court must acquit Mr. Laiss if it finds, "after viewing the evidence in the light most favorable to the prosecution, [no] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 424-25 (3d Cir. 2013) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)).

There is no dispute that the government proved the *actus reus* elements of the crimes charged. However, the government has utterly failed to carry its burden of proving Mr. Laiss

2

had the requisite *mens rea* for both voter fraud and voting more than once in a federal election. A judgment of acquittal is therefore warranted on the facts presented in the government's case-in-chief.

### A. *Mens Rea* for voter fraud

To prove Mr. Laiss guilty of voter fraud, the government was required to offer sufficient proof beyond a reasonable doubt that Mr. Laiss: (1) cast a ballot that was materially false, fictitious, or fraudulent under the laws of Pennsylvania; (2) that Mr. Laiss knew the ballot was materially false, fictitious, or fraudulent; (3) the ballot was cast in any election for federal office; and (4) that Mr. Laiss knowingly and willfully deprived, defrauded, or attempted to deprive or defraud the residents of Pennsylvania of a fair and impartially conducted election process. *See* 52 U.S.C. § 20511(2); *United States v. Taylor*, 159 F.4th 1140, 1141-42 (8th Cir. 2025). The fourth element requires the government to prove beyond a reasonable doubt that Mr. Laiss "acted in a manner *intended to deceive or mislead* election officials into accepting a [ballot] that [he] *knew to be defective under [Pennsylvania] law*." *Taylor*, 159 F.4th at 1141 (holding that district court's instruction using this language "accurately conveyed the law" and "layered one mental state on the other") (emphasis in original).

"Knowledge" requires the government to prove that Mr. Laiss acted with awareness and not through ignorance, mistake, or accident. *See, e.g. United States v. Flores*, 454 F.3d 149, 160-61 (3d Cir. 2006). "Willfully" generally requires proof the defendant "acted with knowledge that his conduct was unlawful." *United States v. Smukler*, 991 F.3d 472, 483 (3d Cir. 2021) (quoting *Bryan v. United States*, 524 U.S. 184, 192 (1998)) (additional citations omitted). Stated another way; to prove willfulness, the government must prove beyond a reasonable doubt that Mr. Laiss

intended to do something the law forbids.[1]  Third Circuit, *Model Criminal Jury Instructions* § 5.05 (2024).  The government met the *actus reus* elements of this offense: Mr. Laiss submitted a ballot that was false under Pennsylvania state law by virtue of moving to Florida and the ballot was cast in an election for federal office.  But the government failed to prove Mr. Laiss knew the ballot was false or defective under state law and that he intended to deceive or mislead election officials into accepting a ballot that he knew to be defective; in other words, the government failed to prove Mr. Laiss knowingly and willfully defrauded anyone.

### B.    *Mens rea* for double voting

To prove Mr. Laiss guilty of voting more than once in a federal election, the government was required to introduce sufficient proof beyond a reasonable doubt that: (1) a candidate for federal office was on the ballot; (2) he voted more than once for a candidate for the office of President or Vice President; and (3) he voted knowingly, willfully, and expressly for the purpose of having his vote count more than once.  52 U.S.C. § 10307(3); *United States v. Salisbury*, 983 F.2d 1369, 1377 (6th Cir. 1993) (citing *United States v. Hogue*, 812 F.2d 1568, 1576 (11th Cir. 1987)).  The same standards of knowingly and willfully apply to these charges.  Again, the government sufficiently proved the *actus reus* elements of the crime:  Mr. Laiss submitted votes in Pennsylvania and Florida for the Office of the President and Vice President.  The

---

[1] By separate filing, Mr. Laiss has requested a "heightened willfulness" instruction for the voter fraud charge embodied in Count One of the indictment which would require the jury to find the government proved beyond a reasonable doubt that he had knowledge of the voter qualification requirements embodied in Pennsylvania election law and that he intended to frustrate those requirements when he submitted a materially false ballot.  *See Cheek v. United States*, 498 U.S. 192, 201 (1991); *Ratzlaf v. United States*, 510 U.S. 135, 146-47 (1994); *United States v. Curran*, 20 F.3d 560, 569 (3d Cir. 1994); *but see United States v. Taylor*, 159 F.4th 1136, 1142 (8th Cir. 2025) (rejecting heightened willfulness standard for voter fraud).  Mr. Laiss incorporates those arguments and case law here.  But his position is that the government's proof fell woefully short of the "beyond a reasonable doubt" standard even under the ordinary "willfulness" standard articulated in *Bryan*.

government's proof did not establish beyond a reasonable doubt that he voted knowingly, willfully, and for the express purpose of having his vote count more than once.

### C.    The evidence was insufficient to prove *mens rea* on both counts

A survey of precedential circuit opinions addressing the two charges against Mr. Laiss reveals that individuals convicted of these crimes typically conduct more widespread and prolific behavior evincing an intent to tamper with or alter election results.  Mr. Laiss evinced no such intent.

For instance, in *Taylor*, the defendant was a Vietnamese immigrant running her own grassroots "get-out-the-vote" campaign, where she attempted to help Vietnamese Americans who faced language barriers to register and vote, but she also intended to help her husband, who was running for office.  *Taylor*, 159 F.4th at 1140.  During the pandemic, she brought necessary forms to the Vietnamese community in Sioux City, translated them, had voters fill them out, and returned them to the relevant government office.  Taylor then returned to the individuals' houses to help them complete their ballots once they arrived.  *Id.* That being said, on several occasions, Taylor instructed family members to complete the necessary forms and vote on the behalf of voting-age children who lived away from home.  Some documents she filled out herself.  She submitted a total of 26 fraudulent voting documents with signatures that were not the child's own.  *Id.*

As the *Taylor* Court noted, the government had to prove both that (1) she knew the documents she submitted to the County Auditor's Office were defective under Iowa law; and (2) she intentionally procured or submitted them anyway.  *Id.* at 1144.  The Eighth Circuit pointed to the "penalty of perjury" affidavits on the voter-registration documents and mail-in ballots, indicating that "[i]t would have been clear to any signer, but especially to someone like Taylor

who was running a get-out-the-vote scheme, that turning in these forms with forged signatures violated Iowa law." *Id.* (citing Iowa Code §§ 39.3(17), 39A.2(1)(a)(1), (b)(2)).

Taylor also engaged in conduct evincing consciousness of guilt. For instance, she asked the families to keep the ballots a secret from their voting-age children. *Id.* The government proved willfulness by showing the manner in which Taylor submitted the forged voting documents; for instance, when families asked whether it was "okay" to fill out the forms for their children, she told them yes. Another witness said that she brought voter registration forms to his house, including for his two sons, and had him sign them. Other witnesses gave Taylor blank documents for their children, which she completed and forged herself. From this, the Eighth Circuit held that a reasonable jury could infer she knew the forms were false or fraudulent and intended to submit them in that form. *Id.* at 1144-45; *cf. United States v. Prude*, 489 F.3d 873, 875-76 (7th Cir. 2007) (upholding conviction under predecessor voter fraud statute against evidentiary challenges where Prude, a felon ineligible to vote, casted an absentee ballot; evidence showed she signed at least five "Rules of Community Supervision" indicating she was not permitted to vote, government introduced signs from parole office and City Hall indicating felons cannot vote during periods of supervision, and testimony of probation officer who indicated he specifically warned Prude she could not vote when she expressed intent to do volunteer campaign work, which she acknowledged).

Here, there was no forgery, and Mr. Laiss did not fill out multiple requests for mail-in ballots or multiple mail-in ballots. He was not running a get-out-the-vote scheme designed (at least in part) to elect a certain candidate wherein he was filling out ballots for others or helping others fill out their own ballots. He signed only one ballot for himself in Pennsylvania and then voted again in Florida out of what he told the agents was a misunderstanding of where his vote

would count. Furthermore, no government officials warned Mr. Laiss that his actions were contrary to Pennsylvania law like the warning the defendant received in *Prude*.

There is a paucity of precedential Circuit authority addressing the sufficiency of evidence necessary to convict a defendant of voting more than once in a federal election. But a review of cases addressing the statute reveals that defendants charged with the statute typically engage in conduct far more prolific and indicative of an intent to thwart the accuracy of election results by casting multiple ballots. For instance, in *Salisbury*, the defendant was a Pike County Republican Party Operative and committee chairperson who schemed with her codefendant to solicit applications for absentee ballot registrations. 983 F.3d at 1372. Once the ballots arrived at the citizens' homes in the mail, Salisbury and Scott would show up at the voters' homes, "ostensibly to assist the voters in filling out the ballots." *Id.* This frequently entailed Salisbury reading out the identification numbers of the candidates she supported while the voter punched the corresponding numbers on their ballot. Voters testified that Salisbury did not ask them whom they wished to vote for or read aloud the names of alternative candidates. And when some voters said they wanted to choose a different candidate, Salisbury would denigrate that candidate and would only offer the number of the candidate she wanted the voter to choose. *Id.*

On some occasions, Salisbury and Scott punched the cards themselves. Salisbury would also frequently refuse to read the full slate of candidates for each office and would force the voters to rely on her oral recitation of candidate identification numbers. Salisbury also drove one voter to the Board of Elections to exchange their Democratic Party ballot for a Republican Party ballot. Finally, Salisbury assisted one voter in procuring and completing absentee ballots for the voters' sons, who lived out of state. *Id.* The Court ultimately held that the "voting more than once" count was unconstitutionally vague as applied to Salisbury, because none of the

aforementioned actions on Salisbury's part specifically constituted "voting more than once," an issue that is not present in Mr. Laiss's case. *Id.* at 1374-75, 1380; *see also cf. United States v. Smith*, 231 F.3d 800, 805 (11th Cir. 2000) (charge under predecessor multiple voting charge accused defendants of voting absentee ballots of seven people without their knowledge and consent).

Again, Mr. Laiss's conduct pales in comparison to that in *Salisbury* and *Smith*. In both of those cases, the defendants engaged in activities involving multiple voters, which helped establish an intent to unlawfully influence the results of the election. In other words, it helped prove the defendants cast those ballots willfully—that is, with an intent to do something the law forbids. Further, Mr. Laiss was not submitting ballots in the name of or on behalf of another person, which would evidence intent to "willfully" do something illegal. Mr. Laiss used his own name and personal identifiers when filling out his ballot information and casting his votes.

When confronted by federal agents, Mr. Laiss voluntarily agreed to speak to them, and he did not shut the interview down when they confronted him and in some parts accused him of not being honest. He did not ask about obtaining an attorney until the agents had finished questioning him. He did not even obtain an attorney until after he received a target letter. And his own words to the agents were that he never intended to defraud anyone or do anything illegal. He was merely confused over which vote would count. It is important to note that Mr. Laiss requested both his primary and general election mail-in ballots at the same time in early 2020 because of the unique challenges presented by the COVID-19 pandemic. Mr. Laiss moved from Pennsylvania to Florida between the two elections. There is no evidence of evil intent here, merely mistake. Nothing was offered by the government to prove that Mr. Laiss thought his vote was going to count twice or that he had any desire to make his vote count more than once. Nor

8

was there any evidence sufficient to show Mr. Laiss knew his Pennsylvania mail-in ballot was fraudulent.

Simply put, the government failed to prove Mr. Laiss's knowledge, willfulness, and that he had an express purpose to make his vote count more than once. No rational juror could find that the government met its burden of proving the *mens rea* elements of the offenses charged. As a result, this Court must find Mr. Laiss not guilty on Counts One and Two of the indictment, alleging violations of 52 U.S.C. §§ 20511(2) and 10307(e).

## III.    CONCLUSION

For all the reasons set forth above, Mr. Laiss respectfully submits that the Court should adjudicate him not guilty under Federal Rule of Criminal Procedure 29(a) because the evidence introduced in the government's case-in-chief was insufficient as a matter of law to sustain a conviction.

Respectfully submitted,

*/s/ Katrina Young*
KATRINA YOUNG
Assistant Federal Defender

*/s/ Elizabeth Toplin*
ELIZABETH TOPLIN
Assistant Federal Defender

## <u>CERTIFICATE OF SERVICE</u>

We, Katrina Young and Elizabeth Toplin, Assistant Federal Defenders, Federal

Community Defender Office for the Eastern District of Pennsylvania, hereby certify that we have

filed and served a copy of the attached Motion to Dismiss the Indictment via Electronic Court

Filing notification upon Mark Dubnoff, Assistant United States Attorney, whose office is located

at Suite 1250, 615 Chestnut Street, Philadelphia, Pennsylvania, 19106.




*/s/ Katrina Young*
KATRINA YOUNG
Assistant Federal Defender

DATE:        March 3, 2026